UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN JONES,<br><br>Defendant. | Criminal No.:<br><br>Violation:<br><br>18 U.S.C. § 201 (Bribery)<br><br>Criminal Forfeiture:<br>18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c);<br>21 U.S.C. § 853(p) |

## INFORMATION

The United States Attorney charges that at all relevant times:

1. Defendant Kevin Jones was a Contract Oversight Specialist at the U.S. Department of Housing and Urban Development ("HUD").

2. Charles Thomas was the sole owner of Company A, a for-profit corporation incorporated in Maryland that provided information technology services to agencies of the federal government and educational services to public school children in the Washington, D.C. metropolitan area.

## COUNT ONE
(Bribery)

3. The allegations set forth in paragraphs one and two of this Information are re-alleged and incorporated by reference herein.

4. From at least 2010 through 2018, in the District of Columbia and elsewhere, Defendant Kevin Jones, a public official, directly and indirectly did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being influenced in the performance of an official act; that is Jones provided Thomas with non-

public protected information and documents about pending contracts with the United States Department of Housing and Urban Development in exchange for money, tickets to sporting events, train and airline tickets, meals, sneakers, a camera, hotel accommodations, a laptop, and other things of value.

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $50,302.75.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

JESSIE K. LIU
UNITED STATES ATTORNEY

By: _____
Peter C. Lallas
Assistant United States Attorney
New York Bar No. 4290623
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6879
Peter.Lallas@usdoj.gov