UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN JONES,<br><br>Defendant. | Criminal No.: 19-cr-84 (RDM)<br><br>Sentencing:  June 24, 2019 |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing concerning Defendant Kevin Jones.  The defendant sold his public office for personal gain by providing a government contractor with non-public information about pending contracts with the United States Department of Housing and Urban Development ("HUD") in exchange for over $50,000 worth of tickets to sporting events, travel, cash and other things of value.  For this conduct, the defendant should be sentenced to 32 months' incarceration and three years of supervised release.

### FACTUAL BACKGROUND

At the time of the offense, Jones was a Contract Oversight Specialist at HUD.  In that position, Jones had access to bid, proposal, and source selection information about a number of HUD contracts.  From 2010 to 2018, Jones provided Charles Thomas[1], owner of a government contracting company, with non-public information about pending HUD contractors.  This non-public information included Independent Government Cost Estimates and Performance Work Statements for pending HUD contracts.  Among other things, these documents reflected the

---

[1] On May 30, 2018, Thomas plead guilty to Conspiracy to Commit Bribery and two counts of Conspiracy to Pay Gratuities and Violate the Procurement Integrity Act in case number 18-cr-51.

amount HUD was willing to pay and the scope of work being requested. This information provided Thomas and Company A with an unfair competitive advantage.

Jones also assisted Thomas and Company A by, among other things, recommending that Company A be awarded a particular HUD contract, approving and submitting invoices worth millions of dollars for work Company A performed on HUD contracts for which Jones had provided Thomas with non-public information, and providing Company A with the highest possible performance ratings in connection with Company A's attempts to obtain contracts with the United States Patent and Trademark Office, the United States Department of Agriculture, and the Universal Service Administrative Company. In exchange for Jones providing Thomas with non-public information and performing other official acts to benefit Thomas and his company, Thomas provided Jones with a variety of things of value, including cash, tickets to sporting events, payment of travel expenses to three Super Bowls, meals, a camera, a laptop, and a pair of basketball shoes. In total, Jones received nearly 50 things of value worth $50,302.75 from Thomas.

## SENTENCING CALCULATION

### A. Statutory Maximum Sentence

For bribery, Jones faces a maximum sentence of 15 years' imprisonment, three years of supervised release, a $250,000 fine, and a $100 special assessment.

### B. Sentencing Guidelines

A district court "should begin all sentencing proceedings by correctly calculating the applicable Guideline range." *United States v. Gall*, 552 U.S. 38, 49 (2007) (citation omitted). The Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *id.* at 46, and are the "starting point and the initial benchmark," *id.* at 49. The district court should next consider all of the applicable

factors set forth in 18 U.S.C. § 3553(a).  *Id.* at 49-50.  Indeed, the Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in § 3553(a).  *Rita v. United States*, 551 U.S. 338, 348-49 (2007).

The Presentence Investigation Report ("PSR")[2] places Jones's total offense level at 19 and finds his criminal history category to be I.  The PSR finds his guideline imprisonment range to be 30 to 37 months and his guideline fine range to be $10,000 to $100,000.  The Government agrees with these calculations.

## ANALYSIS

Based on the factors set forth in § 3553(a), the Government recommends that this Court sentence Jones to 32 months' imprisonment, a three-year period of supervised release, and order him to forfeit $50,302.75.

This Court must consider all of the sentencing considerations set forth in Section 3553(a).  Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

---

[2] At the time of this filing, the United States Probation Office had not filed its final PSR.  Therefore, all citations and references to the PSR are to the draft report filed on May 21, 2019, and available at Docket No. 11.

### A. The Serious Nature of Jones's Conduct

Jones sold his public position for personal gain. In so doing, he betrayed the trust of the citizens of the United States who relied on him to discharge his duties for their benefit, not his own. He also corrupted the government procurement process by providing an unfair advantage to one participant, thereby undermining the public's confidence in the integrity of government contracting and impacting the particular contracts for which he provided Thomas with non-public information.

The length of corrupt conduct and staggering number of bribes are particularly serious and warrant a substantial sentence. Indeed, Jones's receipt of bribes ended not because he was no longer willing to accept them or because he was no longer able to use his public office to benefit Thomas and Company A. Rather, Jones's criminal conduct ended because law enforcement decided to conclude its proactive investigation. As far as law enforcement is aware, whenever Thomas asked Jones for assistance, Jones crossed whatever legal, moral, and ethical lines he needed to in order to fulfill the request.

The sentence the Court imposes should seek to deter others from engaging in similar conduct that might further undermine public confidence in the integrity of government officials and to provide assurance that government officials will be dealt with harshly if they sell their public office. A sentence of 32 months' incarceration would do so.

### B. Jones's Personal Characteristics

"In choosing the term of imprisonment within the guideline range, courts may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4. Indeed, Congress has instructed that "[n]o limitation shall be placed on the information concerning the background,

character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; *see also Pepper v. United States*, 562 U.S. 476, 489 (2011) (quoting *United States* v. *Tucker*, 404 U.S. 443, 446 (1972)) ("Both Congress and the Sentencing Commission thus expressly preserved the traditional discretion of sentencing courts to 'conduct an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come'").

As described in the PSR, Jones had a "'close knit" relationship with his mother and siblings. PSR ¶ 102. He attended two colleges and earned a degree from Bowie State University in 2996. PSR ¶ 114. Thereafter, he had a nearly 19-year career with HUD and resigned in June 2018, while earning a six-figure salary. Despite this lengthy period of stable and lucrative employment, Jones has substantial debt, "no real property or tangible assets," and a negative net worth. PSR ¶¶ 121, 124.

### C. Educational or Vocation Training and Medical Care

The Government is not aware of a need in to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

### D. Forfeiture and Restitution

Consistent with the plea agreement, Jones should be ordered to forfeit a money judgment in the amount of $50,302.75.

## CONCLUSION

For all the foregoing reasons, the appropriate considerations of sentencing favor the imposition of a sentence of imprisonment of 32 months followed by a three-year period of supervised release. The Court should also order forfeiture in the amount of $50,302.75.

JESSIE K. LIU
UNITED STATES ATTORNEY

By: _____/s/_____
Peter C. Lallas
Assistant United States Attorney
New York Bar No. 4290623
555 4th Street, N.W.
Washington, D.C.  20530
(202) 252-6879
Peter.Lallas@usdoj.gov